Upon review of the competent evidence of record, and finding no good grounds to receive further evidence or rehear the parties or their representatives, the Full Commission, upon reconsideration of the evidence, affirms the Opinion and Award of the Deputy Commissioner, with some modification to the findings of fact and conclusion of law.
The Full Commission finds as fact and concludes as matters of law the following which were entered into by the parties at the hearing as:
 STIPULATIONS
1. The Industrial Commission has jurisdiction over the subject matter of this case, the parties are properly before the Commission, and the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act at all relevant times.
2. Defendant was a duly-qualified self-insured with Crawford Company as the Servicing Agent.
3. The employee/employer relationship existed between the parties at all relevant times.
4. Defendant submitted a Form 22 Statement of Days Worked and Earnings of Injured for the calculation of plaintiff's average weekly wage.
5. The issues for determination are:
 (a) Whether the plaintiff sustained an injury by accident arising out of and in the course of his employment on or about 8 December 1993?
 (b) Whether plaintiff failed to give proper notice to defendant of his alleged injury, pursuant to G.S. § 97-22?
 (c) Whether plaintiff sought unauthorized medical treatment?
 ***********
Based upon all of the competent evidence in the record, the Full Commission makes the following additional:
 FINDINGS OF FACT
1. Plaintiff was employed by Burlington Industries as a sanforizer operator. On 22 February 1994, plaintiff filed a Form 18 Notice of Accident to Employer and Claim of Employee or His Personal Representative or Dependents, claiming he fell at work, in a hole on a cutting table, and injured his left knee, on or about 8 December 1993.
2. Plaintiff testified at the hearing that he injured his left knee in November of 1993, when he was in the Finishing Department. According to plaintiff, he was doffing a ball off while standing on a table. There was a hole in the middle of the table and plaintiff fell and bumped his left knee on the concrete floor and the table. Plaintiff alleged that he continued to bump and hit his knee on the table when he doffed the cloth balls. Plaintiff testified that the next day, his left knee was swollen, and that he reported the swelling to his supervisor, Curtis Walters. Plaintiff told Mr. Walters that he did not know why his knee was swollen. Plaintiff also testified that he did not know exactly what date he hurt his left knee, but he did go to the plant nurse on 29 November 1993.
3. Plaintiff then claimed that he went back to the plant nurse about a week later and saw Carol Satterwhite. Plaintiff testified that Ms. Satterwhite told him to see his own doctor because his left knee problem was not work-related. Plaintiff admitted that he did not complete an accident report at this time.
4. The Report of Accident Investigation prepared by Steve Joyce at Burlington Industries, indicates that plaintiff reported his 8 December 1993 left knee injury on 31 January 1994, at 2:00 p.m. Under the Accident Description Section, it reads, "Employee alleges that his knee was injured while he was transferred to the Finishing Department from 11-25-93 to 12-8-93. He states he bumped his knee several times on cloth table while going in and out between the table."
5. Plaintiff reviewed this statement on direct examination and agreed that this is what he claimed happened. Plaintiff also admitted the Claim for Disability Benefits Form into evidence that he completed on 20 January 1994. On this form, plaintiff indicated that the injury occurred on 15 December 1993. Plaintiff stated that his knee was injured when he bumped it several times going in and out between a table.
6. On cross-examination, plaintiff admitted that he did not report any injury to his employer until after he had knee surgery, and he further admitted that he never reported falling to anyone at Burlington Industries.
7. Curtis Walters, plaintiff's supervisor, testified on behalf of defendant. Mr. Walters stated that plaintiff never reported any left knee injury to him. Mr. Walters testified that plaintiff came to him complaining of feet problems, and that plaintiff thought that the concrete floor was bothering him.
8. Betty Johnson testified on behalf of defendant. She was a plant nurse at the time of plaintiff's alleged left knee injury and has since become the head nurse at Burlington Industries. She testified that plaintiff did not report any injury to his left knee to anyone in the plant's medical department until 1 February 1994. Ms. Johnson testified that a record is made of each visit an employee makes to the health department, and that these medical notes are kept in the employee's health file.
9. Carol Satterwhite testified after the hearing of this matter by deposition. Ms. Satterwhite was the head plant nurse at the time of plaintiff's alleged injury in November or December of 1993. Ms. Satterwhite testified that an employee was never required to have an appointment to come to the medical department, and that all visits were documented, first by hand and later by computer. Ms. Satterwhite testified that the first time she saw plaintiff in the medical department for his left knee injury was on 4 February 1994. Ms. Satterwhite's testimony collaborated what the records revealed: that plaintiff saw plant nurse, Betty Johnson, on 29 November 1993. Ms. Satterwhite testified that she never saw plaintiff between 29 November 1993 and 1 February 1994. The next time Ms. Satterwhite saw plaintiff was on 21 March 1994, when plaintiff returned to work.
10. Ms. Satterwhite testified that a record of each employee's visit is always made when that employee comes to the medical department. Therefore, Ms. Satterwhite maintained that she did not see plaintiff except for the times documented in his health file. Ms. Satterwhite further testified that she did not tell plaintiff to see his family doctor for his left knee or to proceed with knee surgery.
11. Plaintiff first presented to the health department at Burlington Industries on 29 November 1993, and was examined by plant nurse, Betty Johnson. According to Ms. Johnson's record, plaintiff presented with "pain in his left knee. No injury. Possible arthritis." The note further reveals that plaintiff "says he recently changed jobs and is now working on cement floors."
12. Plaintiff was not seen again in the Burlington Industries health department until 1 February 1994, when he was seen by plant nurse, Carol Satterwhite. According to Mr. Hawkins's health file, plaintiff informed Ms. Satterwhite of his alleged left knee injury and the fact that he had surgery on this knee on 29 December 1993.
13. Plaintiff returned to work on 21 March 1994, following arthroplasty on his left knee. This is the only other notation in plaintiff's health file concerning his left knee injury.
14. Plaintiff never requested any other medical treatment from the plant nurse, and he did not seek or receive a referral from the plant nurse to Dr. William S. Furr.
15. Dr. Furr's records revealed that plaintiff saw Dr. Furr on 15 December 1993. He continued under the care of Dr. Furr and had arthroscopic knee surgery on 29 December 1993. Dr. Furr continued to follow plaintiff's treatment after surgery. It was not until 17 March 1994, that Dr. Furr's notes reveal: "Patient states that on 11/9/93, he slipped and fell, hitting left knee, causing pain. He initially saw Dr. Cecil Farrington and was referred here to our clinic on 12/15/93."
17. When asked about the fact that no history of injury appears before 17 March 1994, in his medical notes, Dr. Furr testified that: "I believe what had probably happened is Mr. Hawkins, if my memory serves me correctly, is that he was probably doing something as far as a claim itself and noted that a note to that effect had not been put in any previous record and wanted to make sure it was part of the record."
18. Plaintiff did not report his left knee injury to defendant until 20 January 1994, almost a month after he had already been to see a private physician not authorized by Burlington Industries and had undergone left knee surgery.
19. Defendant did not have notice of plaintiff's alleged left knee injury until plaintiff had undergone knee surgery with a private physician. As such, employer had no opportunity to direct plaintiff's medical care or to properly evaluate plaintiff's claim.
20. The greater weight of the evidence fails to establish that plaintiff sustained one or more falls or bumps to his left knee in November or December 1994 which resulted in a meniscal tear and surgery. Plaintiff's testimony on this issue is not credible.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Plaintiff did not sustain an injury by accident to his left knee. G.S. § 97-2(6).
2. Plaintiff failed to provide proper notice of his alleged injury by accident to defendant. Further, defendant was prejudiced by the lack of notice and was unable to properly investigate plaintiff's claim or direct plaintiff's medical treatment. G.S. § 97-22.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Plaintiff's claim is and under the law must be DENIED.
2. Each side shall bear its own costs, except the defendant shall pay the expert witness fee of Three Hundred and 00/100 Dollars ($300.00) to William S. Furr, M.D.
 S/_________________________ RENÉE C. RIGGSBEE COMMISSIONER
CONCURRING:
S/______________________ DIANNE C. SELLERS COMMISSIONER
S/______________________ CHRISTOPHER SCOTT COMMISSIONER